**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| The Ohio Willow Wood Company,  ) | Case No. C2-05-1039 |
| ) | |
| Plaintiff,  ) | Judge Sargus |
| ) | |
| v.  ) | Magistrate Judge Kemp |
| ) | |
| ALPS South Corporation,  ) | |
| ) | |
| Defendant.  ) | |

## **DEFENDANT ALPS SOUTH CORPORATION'S MOTION FOR STAY**

Defendant ALPS South Corporation ("ALPS"), pursuant to the Court's inherent power, requests that the Court issue an order staying all litigation in this case in light of ALPS's application to the United States Patent and Trademark Office for a reexamination of United States Patent No. 6,964,688 ("the '688 patent") during the reexamination process. A stay is warranted because a reexamination of the '688 patent may render invalid the '688 patent or may moot the infringement claims Plaintiff the Ohio Willow Wood Company ("OWW") has asserted against ALPS in this case. In support of this motion, ALPS submits the accompanying memorandum of law.

WHEREFORE, Defendant ALPS respectfully requests the Court to stay this case pending the application for reexamination and consequent reexamination of the '688 patent.

Respectfully submitted,

s/ David P. Shouvlin
David P. Shouvlin (0066154) Trial Attorney
Edwin M. Baranowski (0023032)
Bryan R. Faller (0072474)
Amanda L. Schermer (0079892)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, OH  43215
Telephone:  (614) 227-2045
Facsimile:   (614) 227-2100
dshouvlin@porterwright.com
ebaranowski@porterwright.com
bfaller@porterwright.com
aschermer@porterwright.com

**OF COUNSEL:**
Ronald A. Christaldi
de la Parte & Gilbert, P.A.
101 E. Kennedy Blvd., Suite 3400
P.O. Box 2350
Tampa, Florida 33602
Telephone:  (813) 229-2775
Facsimile: (813) 229-2712

*Counsel for Defendant ALPS South Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| The Ohio Willow Wood Company, | ) | Case No. C2-05-1039 |
| | ) | |
| Plaintiff, | ) | Judge Sargus |
| | ) | |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| ALPS South Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALPS SOUTH CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY**

**I.   INTRODUCTION**

    **A.   Factual Background**

Defendant ALPS South Corporation ("ALPS") manufactures and sells a variety of liners and sleeves for use in the field of prosthetics. ALPS has manufactured and sold silicone gel liners and sleeves for over twelve years. Since 1996 ALPS has also marketed liners that feature block copolymer/mineral oil gels.

Other companies such as Ossur and Silipos have also manufactured polymer liners for many years. Ossur has sold silicone liners since the early 1990s and Silipos introduced gel liners comprised of block copolymers and mineral oil by 1993. In addition, from the early 1990s, and well before the application was filed for the patent-in-suit, Ossur – as well as other companies – marketed polymer liners that included a docking device to connect the liners to prosthetic devices.

In 1998, Plaintiff the Ohio Willow Wood Company ("OWW") obtained a patent, US Patent No. 5,830,237 ("the '237 patent"), for a tube sock shaped liner that featured a block copolymer/mineral oil gel which coated only one side of a fabric covering. In 2000, OWW also

obtained a patent, US Patent No. 6,406,499 ("the '499 patent"), for an annular sleeve based on virtually identical characteristics and elements of the '237 patent. Then in 2005, OWW obtained yet another patent, US Patent No. 6,964,688 ("the '688 patent"), the patent-in-suit in this case, based on the fundamental characteristics manifest in the '237 and '499 patents.

OWW has sued ALPS in this Court for alleged infringement of each of these patents: Case No. C2-04-1223 for alleged infringement of the '237 and '499 patents, and this case for alleged infringement of the '688 patent. Yet, OWW's allegations of infringement against ALPS are wholly without merit, in large part because each of the three patents is invalid for either anticipation or obviousness.[1] These patents issued only because the patent examiners responsible for approving the patents were not made familiar with all of the relevant prior art during the prosecution of the patents. Had OWW (or the inventors) properly informed the respective patent examiners during the course of the patent prosecution of the relevant prior art of which OWW (or the inventors) were undoubtedly aware, these patents would not have issued – at least not in their present forms.

Accordingly, Dr. Aldo Laghi, president of ALPS, upon learning that the patent examiners were uninformed of essential prior art, recently filed requests to the United States Patent and Trademark Office ("PTO") seeking reexamination of all three patents so that the PTO will now have the benefit of considering all of the relevant written prior art in deciding whether the claims of each patent are novel and valid. Specifically, with respect to the '688 patent, the request for reexamination was filed on or about October 6, 2006. It is because of this request for reexamination that ALPS seeks a stay of this case.

---

[1] In Case No. C2-04-1223 ALPS has recently moved for summary judgment, arguing that prior art anticipated or made obvious the claims of the '237 and '499 patents that OWW accuses ALPS of infringing.

### B. The Reexamination Process

The Federal Circuit has acknowledged three principal benefits to patent reexamination. *See In re Portola Packaging*, 110 F.3d 786, 789 (Fed. Cir. 1997). First, reexamination settles validity disputes more timely and less expensively than litigation. Second, reexamination allows courts to refer to the expertise of the PTO for patent validity questions. Third, reexamination supports public confidence in the certainty of patent rights by providing an opportunity for the PTO to review questionable patents. *Id*. Reexamination may also eliminate the need for a trial of a patent claim if, through the reexamination process, the PTO cancels a claim or invalidates the patent in its entirety. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (stay of litigation affirmed on appeal).

Either party to a patent infringement case, or a third party, may request a reexamination of a patent. A party may initiate a patent reexamination at any time during the term of the patent by filing a written request for reexamination and paying the required fee. *See* 35 U.S.C. § 302. It is well-settled that even when infringement litigation has commenced, it is entirely appropriate for a party to the litigation to request a reexamination. *See Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 05-590 GMS, slip op., 2006 WL 2375035, at *5 (D. Del. Aug. 16, 2006).

Under the governing statutes, 35 U.S.C. §§ 303(a) and 304, the PTO must determine whether the request for reexamination raises a substantial new question of patentability affecting any claim of the patent within three months of the filing the request. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1425 (Fed. Cir. 1988); *Broadcast Innovation, LLC v. Charter Commc'ns, Inc.*, No. 03-CV-2223-ABJ-BNB, slip op, 2006 WL 1897165, at *1-2 (D. Colo. July 11, 2006). If the PTO so concludes, it will issue a reexamination order pursuant to which the PTO will begin, in essence, to review the patent and the newly presented prior art as if the patent were before the PTO as an initial application. *See* 35 U.S.C. § 305. During the reexamination, like the initial

examination, the patent owner may propose any amendment to his patent and add new claims in order to distinguish the invention as claimed from the prior art cited, or in response to a decision adverse to the patentability of a claim of a patent.  The patent owner may not, however, propose an amendment or new claim enlarging the scope of a claim of the issued patent.  *See* 37 C.F.R. § 1.552(b).

All reexamination proceedings, including an appeal to the Board of Patent Appeals and Interferences, are conducted with "special dispatch."  *See* 35 U.S.C. § 307[2]; 37 C.F.R. § 1.550(a); *Broadcast*, 2006 WL 1897165, at *3; *Emhart Indus., Inc. v. Sankyo Seiki Mfg.*, No. 85C7565, 1987 U.S. Dist. LEXIS 15033, at *3 (N.D. Ill. Jan. 30, 1987).  The reexamination concludes when the PTO does one of the following: (1) upholds the patent in its entirety; (2) upholds the patent, but narrows the scope by canceling or amending one or more claims; or (3) cancels all of the patent claims.  *See* 35 U.S.C. § 307.

In light of what ALPS has learned through discovery in the litigation involving the '237 and '499 patents about prior art that was not disclosed to the PTO during the prosecution of those patents, as well as prior art that was not disclosed during the prosecution of the '688 patent, it is appropriate and efficacious for the PTO to reexamine the '688 patent (as well as the '237 and '499 patents) to determine the validity of the patents and/or the scope of its claims.

For the reasons stated more fully below, a stay of this litigation while the reexamination process proceeds is appropriate and advantageous.

## II.  LAW AND ARGUMENT

### A.  Legislative Intent to Stay Litigation Pending Reexamination

The legislative history of the reexamination statute supports the exercise of judicial discretion to stay litigation pending reexamination.  *See Lentek Int'l, Inc. v. Sharper Image*

---

[2] Section 307 does not define the term "special dispatch."

4

*Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001). The proponents of the 1980 statute creating patent reexamination "clearly favored the liberal grant of stays by the federal district courts when patents are submitted for reexamination." *Id*. In early versions of the reexamination statutory scheme, 35 U.S.C. §§ 301-307 (Supp. V 1981), the text expressly provided for a stay of court proceedings during patent reexamination. *See* S. 1679, 96th Cong., 1st Sess. § 310 (1979); H.R. 5075, 96th Cong., 2d Sess. § 310 (1980). The drafters later dropped the express textual provision as unnecessary due to the inherent authority of courts to issue stays. *See* H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980). A House Report explains this revision:

> The bill does not provide for a stay of court proceedings. It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that [the reexamination procedures] provide a useful and necessary alternative for challengers and for patent owners to test the validity of . . . patents in an efficient and relatively inexpensive manner.

H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980).

### B. Courts Favor Staying Litigation Pending PTO Reexamination

Federal courts generally agree that staying patent litigation during the pendency of a reexamination is the best course. It has been suggested that PTO reexamination proceedings are considerably less expensive than litigation to resolve allegations of invalidity. *See Gould*, 705 F.2d at 1342; *Broadcast*, 2006 WL 1897165, at *3. This is because, even if a reexamination does not completely resolve all of the issues in dispute in a litigation, the parties and the court may benefit from the PTO's "expert" opinion. *See Broadcast*, 2006 WL 1897165, at *3. Every court has the inherent power to use the device of a stay "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a trial court may use the PTO's

5

reexamination of a patent to aid in the court's own validity infringement deliberations.  *See Broadcast Innovation*, 2006 WL 1897165, at *2.

Accordingly, courts regularly stay litigation pending patent reexaminations.  *See, e.g.*, *Nilssen & GEO Found., Ltd. v. Universal Lighting Tech., Inc.*, No. 3:04-0080, 2006 U.S. Dist. LEXIS 1064, at *5-6 (M.D. Tenn. Jan. 5, 2006) (stay granted, "despite the fact that the PTO has not yet determined whether to reexamine [the] patents at issue"); *Lentek*, 169 F. Supp. 2d at 1362 (noting that stays are generally favored); *Softview Computer Prod. Corp. v. Haworth Inc.*, No. 97 Civ. 8815, 2000 U.S. Dist. LEXIS 11274, at *7 (S.D.N.Y. Aug. 9, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings."); *GPAC v. D.W.W. Enter., Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992) (noting the PTO has a better technical acumen to evaluate the validity of a patent in view of prior art); *Grayling Indus., Inc. v. GPAC, Inc.*, No. 1:89-CV-451-ODE, 1991 U.S. Dist. LEXIS 16750, at *7 (N.D. Ga. Mar. 25, 1991) (stating it is better to stay litigation than allowing trial on the merits to continue parallel to reexamination).

Where, as here, the request for reexamination occurs early in the case, when little discovery has taken place, and the trial date is remote, courts routinely grant stays.  *See, e.g.*, *TAP Pharm. Prod., Inc. v. Takeda Chem. Indus., Ltd.*, No. 03 C 7822, 2004 U.S. Dist. LEXIS 3684, at *4 (N.D. Ill. Mar. 5, 2004)  (initial pleading stage, parties had not exchanged discovery or filed any other substantive motions); *Snyder Seed Corp. v. Scrypton Sys., Inc.*, No. 98-CV-87S(H), 1999 U.S. Dist. LEXIS 12149, at *9 (W.D.N.Y. June 11, 1999) (stay proper because the case was in pleading stage and no discovery had been initiated); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d (BNA) 2022, 2023 (N.D. Cal. Jan. 13, 1995) (stay granted; case in early stages, no discovery expenses, no set trial date); *ASCII Corp. v. STD Entm't USA,*

6

*Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (initial stages of lawsuit, little or no discovery undertaken by the parties); *GPAC.*, 144 F.R.D. at 64 (parties were engaged in discovery with substantial discovery yet to occur); *Digital Magnetic Sys., Inc. v. Ansley*, No. Civ-81-1190-T, 1982 U.S. Dist. LEXIS 12395, at *2 (W.D. Okla. Mar. 1, 1982) (reexamination procedure intended "to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts . . .in cases . . . which have not progressed beyond the initial litigation stages").  These courts, mindful of judicial economies, have recognized the benefits of awaiting the PTO's reexamination decisions and exercised discretion to stay the litigations.

  **C. The Court Should Exercise Its Discretion To Stay The Litigation Pending The PTO's Reexamination Of The Claims At Issue In The '688 Patent**

  To guide the decision whether to stay litigation pending reexamination, district courts typically consider the following factors: (1) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; (2) whether a stay would simplify the issues and streamline the trial; and (3) whether a stay would reduce the burden of litigation on the parties and on the court.  *See TAP*, 2004 U.S. Dist. LEXIS 3684, at *4.  These factors weigh heavily in favor of granting a stay in this case.

  First, a stay of litigation pending reexamination will not unduly prejudice OWW.  Both parties will benefit from the expertise of the PTO to assess the disputed patent claims and interpret the relevant prior art.  *See Echostar Tech. Corp. v. Tivo, Inc.*, No. 5:05 CV 81 DF, slip op, 2006 WL 2501494, at *3-4 (E.D. Tex. July 14, 2006)*; Emhart*, 1987 U.S. Dist. LEXIS

7

15033, at *3-4. Reexamination may limit the issues, defenses, and evidence, thereby reducing the complexity and length of the litigation.[3]

Moreover, failure to stay this proceeding could result in great prejudice to ALPS. In *Bausch & Lomb*, the court granted a stay of litigation pending the PTO reexamination based on prejudice to the defendant that could result if the PTO later revoked the patent-in-suit. *See Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996). Because a court's invalidity ruling is not binding on the PTO's reexamination, the court in *Bausch & Lomb* was troubled with the prejudice that inconsistent conclusions might create. *Id.* The court's concern stemmed from the possible scenario that the court might conclude patents-in-suit to be valid and the alleged infringer ordered to pay damages, but the PTO would later determine the patents invalid. In such a scenario, the infringer may be unable to recover any damages it has already paid. *Id.* Given the risk of such an incongruous result, the court in *Bausch & Lomb* granted the defendant's request for a stay. That is another good reason why the Court should grant ALPS's request for a stay in this case.

Second, a stay pending reexamination may simplify the litigation. *See United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) ("[W]e believe that waiting for the outcome of the PTO reexamination would be the most useful option in that it would simplify issues and aid in preparation for trial."); *Emhart*, 1987 U.S. Dist. LEXIS 15033, at *11. With respect to the '688 patent, it is likely that the PTO will either invalidate or amend some or all of the patent claims. Recent statistics show that the PTO invalidates or amends nearly three quarters of the patents submitted for reexamination. *See TAP*, 2004 U.S. Dist. LEXIS 3684, at *6 (the PTO invalidates ten percent of the patents it reexamines and amends the claims in sixty-

---

[3] Reexamination may also lead to settlement due to the elimination or reinforcement of claims alleged to be infringed, which could actually benefit OWW here.

8

four percent of the patents it reexamines).  Thus, granting a stay may eliminate the risk that both parties and the Court will waste resources litigating over issues that could be ultimately rendered moot by the PTO findings.  Furthermore, the outcome of the reexamination proceeding may control the resolution of the infringement suit.  *See Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, No. 93-1208, 1993 U.S. Dist. LEXIS 11963, at *2 (Fed. Cir. May 21, 1993).

Third, the reexamination proceedings will reduce the burden on the parties and the Court.  As noted above, the reexamination will likely eliminate or narrow the scope of at least one issue for trial.  *See TAP*, 2004 U.S. Dist. LEXIS at *6.  The burden is clearly reduced if the PTO invalidates any claims, thereby eliminating one or more issues for trial.  Any amendments to the patent will narrow the scope of the claims and therefore reduce the burden.  *See Grayling*, 1991 U.S. Dist. LEXIS 16750, at *6.  Importantly, there is nothing about the reexamination process that will *add* to the issues for the parties to litigate.  Instead, there is a very good chance that the process will eliminate some of the issues in this litigation.

9

**III.     CONCLUSION**

For the reasons set forth above, Defendant ALPS South Corporation respectfully requests that the Court issue an Order staying the litigation pending the PTO's reexamination of the '688 patent claims.

                                        Respectfully submitted,

                                        s/ David P. Shouvlin
                                        David P. Shouvlin (0066154) Trial Attorney
Edwin M. Baranowski (0023032)
Bryan R. Faller (0072474)
Amanda L. Schermer (0079892)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, OH  43215
Telephone:  (614) 227-2045
Facsimile:   (614) 227-2100
dshouvlin@porterwright.com
ebaranowski@porterwright.com
bfaller@porterwright.com
aschermer@porterwright.com

**OF COUNSEL:**
Ronald A. Christaldi
de la Parte & Gilbert, P.A.
101 E. Kennedy Blvd., Suite 3400
P.O. Box 2350
Tampa, Florida 33602
Telephone:  (813) 229-2775
Facsimile: (813) 229-2712

*Counsel for Defendant ALPS South Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via the Court's CM/EMF filing system, on this 18th day of October, 2006 which will send notification of such filing to the following:

>Fred Michael Speed, Jr., Esq.
>Standley Law Group LLP
>495 Metro Place South
>Suite 210
>Dublin, Ohio 43017
>
>*Counsel for Plaintiff*

>s/ David P. Shouvlin
>Counsel for Defendant