IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW
WOOD COMPANY,
        Plaintiff,

v.

Case No. 2:05-CV-1039
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

ALPS SOUTH CORPORATION,
        Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant's Motion to Stay this action (Doc. #20) and the Defendant's Motion for an Extension of the *Markman* Briefing Schedule and *Markman* Hearing Date, which was scheduled for December 2006 (Doc. #22). For the reasons that follow, the motions are granted.

### I.

Plaintiff, Ohio Willow Wood Company ["Plaintiff"], is an Ohio corporation with its principal place of business in Mt. Sterling, Ohio. The Defendant, ALPS South Corporation ["Defendant"], is a Florida corporation with its principal place of business in St. Petersburg, Florida. This is an action for alleged infringement of Plaintiff's patent on a "Tube Sock-Shaped Covering," designed to cover a prosthetic device[1]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The Defendant manufactures and sells a variety of liners and sleeves used on prosthetic

---

[1] The patent number is 6,964,688 and is referred to as "the 688 patent."

devices. In its Amended Complaint, Plaintiff claims that Defendant's "Easy Liner," "Antimicrobial Easy Liner,""Easy Liner GP," "Thermo Liner," and "Liberty Liner," which are tube shaped coverings for use on a prosthetic device, infringe on Plaintiff's 688 patent. Defendant denies the allegations and asserts counterclaims seeking declaratory judgment for non-infringement, invalidity of the 688 patent, and unenforceability of the 688 patent[2].

In addition to the instant action, the Plaintiff and Defendant are parties to a case pending in this court before the Hon. Gregory L. Frost, No. 2:04-CV-1223. That case concerns the alleged infringement by Defendant on Plaintiff's patents numbered 6,406,499 (the "499 patent" entitled "Gel and Cushioning Devices") and 5,830,237 (the "237 patent" entitled "Gel and Cushioning Devices"), also for use on prosthetic devices[3].

The Defendant moves to stay this action because it has applied to the United States Patent and Trademark Office ("PTO") for reexamination of the 688 patent[4]. The Defendant has also applied for reexamination of the 237 and 499 patents and has filed a Motion to Stay the litigation

---

[2]With respect to alleged invalidity of the patent, Defendant claims that the 688 patent fails to satisfy the requirements of 35 U.S.C. §§ 102, 103, 112 and it "claims subject matter that is not patently distinct from the subject matter claimed in prior [Plaintiff] patents." (*Counterclaim* at ¶ 13). With respect to alleged unenforceability of the patent, Defendant claims that the 688 patent was procured by inequitable conduct, in particular, alleged failure to disclose relevant prior art and improperly included and later withdrawn inventors who allegedly did not contribute to the patent. (*Id.* at ¶ 15).

[3]Both parties point out in briefing in the instant action that issues regarding the 688 patent are also at issue in Judge Frost's case. According to Defendant, the 688 patent is based on the same fundamental characteristics and concepts reflected in the 237 and 499 patents.
Plaintiff has also commenced suit against another entity, DAW Industries, Inc., for alleged infringement of the 237 patent (case no. 2:04-CV-1222) and the 688 patent (case no. 2:05-CV-1038). These cases have been consolidated and are also pending before Judge Frost. The issue of stay has been raised in the briefs for summary judgment in those cases.

[4]On December 12, 2006, Defendant filed a Notice reflecting that the PTO has granted the request for reexamination of the 688 patent. (Doc. #28).

before Judge Frost. (Doc. #76, case no. 2:04-CV-1223). According to the Defendant, a stay of the pending litigation is warranted to allow the PTO to consider the validity of Plaintiff's patents. Plaintiff opposes a stay of the instant action arguing that a delay of the case will cause prejudice. According to Plaintiff, the reexamination process could take as long as three years. (*Memorandum contra* at 5). Plaintiff disputes Defendant's contention that the reexamination would necessarily streamline the issues in this case because, according to Plaintiff, the instant action is not complex. With these positions in mind, the Court considers whether to stay this action.

## II.

35 U.S.C. § 302 provides that "[a]ny person at any time may file a request for reexamination by the [Patent and Trademark] Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title." As the Federal Circuit has observed, "Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the [Patent and Trademark Office's] expertise." *Ethicon, Inc. v. Ouigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). The issue of whether to stay an action for alleged patent infringement pending the reexamination process lies within the sound discretion of the district court. *Id.* at 426-27.

In considering the matter, courts generally evaluate the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69

F.Supp.2d 404, 406-07 (W.D. N.Y. 1999). The following have been identified by courts as among the advantages of a stay of litigation:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
> 7. The cost will likely be reduced both for the parties and the Court.

*Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc.*, No. 03-2330, 2005 WL 2175436 at *2-3 (W.D. Tenn. Sept. 1, 2005), citing *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Machine Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich.2003).

In the *Lectrolarm* case, the district court denied a stay of the action largely because of the apparent delay in seeking reexamination by the PTO.

> [G]ranting Vicon's motion to stay would impermissibly permit Vicon to abuse the reexamination process. The Defendants were aware of the allegedly invalidating prior art that is central to their request for reexamination long before they actually submitted the request to the PTO. The prior art cited in the reexamination request forms the basis of two summary judgment motions filed with this court .... There is no reason that Vicon could not have requested a reexamination months or years earlier. Consequently, staying the case at this point in the litigation would permit Vicon to "abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation." *Softview*, 56 U.S.P.Q .2d at 1635.

2005 WL 2175436 at *5. Plaintiff in this case urges the Court to deny the requested stay because Defendant waited ten months after this action was filed to seek reexamination. Plaintiff notes

that discovery in this case is underway and the Court had previously scheduled a *Markman* hearing in December 2006.

In the Court's view, this action is not at such an advanced stage to preclude the issuance of a stay pending the reexamination process. The substantive issues regarding the 688 patent have not yet been presented to the Court. Thus, the posture of this case is not at all like that presented in *Lectrolarm*. The Court does not find that a stay would unduly prejudice or present a clear tactical disadvantage to Plaintiff. On the contrary, a stay of this action could very well simplify the issues surrounding the 688 patent and benefit the Plaintiff in the future. While the Court cannot predict the outcome of the PTO's reexamination, if the PTO finds some invalidity to the patent, then continuing litigation in this Court would have no significance beyond the two parties to this case, assuming this Court were to find evidence of infringement. On the other hand, if the PTO upholds the patent, litigation in this Court would proceed with a greater degree of certainty as to the validity of the patent. If the patent is upheld, Plaintiff would also be placed in a better position with respect to other alleged infringers. For these reasons, the Court finds that Plaintiff is not necessarily disadvantaged by a stay of this case. Accordingly, the Court will stay the instant action pending reexamination by the PTO.

The Court notes that Defendant has filed a separate motion seeking an extension of the *Markman* briefing schedule and hearing date depending on the resolution of the earlier filed Motion to Stay. In view of the Court's decision to stay this case, the Motion for Extension of the *Markman* schedule is granted. This action will be stayed in its entirety until notification, by written filing, that the reexamination process has concluded and that Plaintiff desires to pursue claims in this Court. If this action proceeds, the Court will establish a revised pretrial schedule.

5

**III.**

In light of the foregoing, the Defendant's Motion to Stay this action (**Doc. #20**) is **GRANTED**. The Defendant's Motion for an Extension of the *Markman* Schedule (**Doc. #22**) is **GRANTED**. The is action is hereby **STAYED** and the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

**IT IS SO ORDERED.**

2-9-2007
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

6