IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW WOOD
COMPANY,

      Plaintiff,

v.

ALPS SOUTH, LLC,

      Defendant.

Case No. 2:05-cv-1039
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

In an Order dated August 31, 2010 (the "Order"), the Magistrate Judge denied a motion filed by Plaintiff The Ohio Willow Wood Company ("OWW") to permit disclosure of certain documents produced by non-party Silipos, Inc. (Doc. 204). OWW has moved for reconsideration of that order by the District Judge. For the reasons that follow, the Court hereby **ADOPTS** and **AFFIRMS** the Magistrate Judge's order.

I.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a Magistrate Judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the District Judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. §636(b)(1)(A). The clearly erroneous standard "'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003

WL 21011148, *4 (S.D. Ohio April 10, 2003)(unreported)(Sargus, J.) (quoting *Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D. Tenn.1997) (internal citations omitted)). To establish that a Magistrate Judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

## II.

The Order to which OWW objects is self-explanatory and can be summarized briefly as follows. First, OWW obtained certain documents (the "Chen Documents") during the course of litigation in Florida which also involves OWW and the defendant in this case, ALPS South, LLC. Those documents were produced subject to a protective order issued by the Florida court and were designated "Confidential - for trial counsel only" under that order. OWW never challenged that designation in the Florida district court, but sought an order from this Court modifying the protection accorded to those documents so that OWW could disclose them to the Patent Office during certain re-examination proceedings. The Magistrate Judge declined OWW's invitation to modify the order in the context of this case, holding that even if the power to do so exists, it would not have been appropriately exercised here.

Second, Silipos produced certain documents in this case, also pursuant to a protective order restricting their use. OWW sought a similar order which would allow it to submit one of these documents to the Patent Office. The Order denied that request as well, reasoning that Silipos had shown good cause for restricting the use of that particular document.

## III.

OWW argues that the order concerning the Chen Documents (which, it is quick to point

2

out, were actually authored by Aldo Laghi, Alps' president), is erroneous because the designation of those documents as confidential under the Florida protective order "is irrelevant to the question at hand," which is, according to OWW, whether it is fair to deny OWW the right to use documents before the Patent Office which demonstrate that Alps intended to copy OWW's design. Motion for Reconsideration, Doc. 204, at 3. It further asserts that the Florida court would not likely entertain a motion about these documents because the patents at issue in the re-examination process are not the subject of that case. In its motion for reconsideration, OWW cites no case law in support of its position on this issue, nor does it do so in its reply.

The Magistrate Judge's order cited to *Mugworld, Inc. v. G.G. March & Associates, Inc.*, 2007 WL 2229568, *1 (E.D. Tex. June 15, 2007) for the general proposition that if there is a protective order issued in a different district which applies to documents produced in that district, "when the other matter is ongoing, courts have held that any request necessitating the modification of the protective order be directed to the issuing court." *See also Dushkin Pub. Group v. Kinko's Service Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991), where the court stated that "this court as a matter of comity respects the order issued by [another district court]" and any request to modify that order "should be addressed to the issuing court ...." *Dushkin* has been favorably cited both by the court which issued the ruling, and other courts, for that exact proposition. *See, e.g., Doe v. Doe Agency*, 608 F.Supp. 2d 68, 71 (D.D.C. 2009); *Donovan v. Lewnowski*, 221 F.R.D. 587, 588-89 (S.D. Fla. 2004); *Holland v. Summit Technology, Inc.*, 2001 WL 1132030, *4 (E.D. La. September 21, 2001). In fact, the Court's research has not located a case which endorses the contrary proposition, i.e. that protective orders issued by other federal courts are not entitled to deference and that they can be modified at will by courts which did not

3

enter them. Thus, the recognition of this general principle does not appear to be clearly erroneous.

The Order also recognized that some courts have carved out exceptions to this general rule when exceptional circumstances exist. However, the Order did not find those circumstances present here, noting that they typically involve situations where the party who seeks to modify the order has been denied the right to participate in the litigation in which the order was issued, or where the party which had produced the information in one court was resisting the production of exactly the same information in a different court, but subject to the same restrictions on its use. *See Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495 (D. Md. 2000), *citing LeBlanc v. Broyhill*, 123 F.R.D. 527 (W.D. N.C. 1988); *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 92 F.R.D. 67 (S.D.N.Y. 1981). The Order did not expressly decide if those exceptions should be generally recognized because neither of them are present in this case. OWW neither argues that the Order cited the law incorrectly on this issue or that one of the exceptions is present here. Thus, that portion of the Order is also not clearly erroneous. Consequently, there is no basis for reconsidering the Order as it relates to the Chen documents.

## IV.

The Order's second holding was that the Silipos document at issue, which was produced in this litigation pursuant to a subpoena, could not be used for any purpose other than in this litigation. Although the parties had conceptualized the issue as whether the Court should maintain the document as confidential under a protective order which the parties assumed to exist, the Order found that there was no protective order in place. It construed the parties' filings as a motion for a protective order and granted the motion. OWW argues that Silipos did not

meet its burden of establishing by a particular and specific demonstration of facts that the disclosure of the document to the Patent Office would harm Silipos' business interests and asserts that the contrary finding made in the Order rests on speculation and conjecture rather than on hard evidence.

It is helpful to reiterate the nature of the document that underlies this dispute. It is, as the Order recites, a document

> described as "an internal Silipos New Product Design Brief," It was used as an exhibit during the hearing on OWW's motion for a preliminary injunction. Without revealing the substance of the document (which both OWW and Silipos describe in detail in their sealed filings on this issue, and which is attached as an exhibit to OWW's supporting memorandum (Doc. #185)), the document evaluates Silipos' efforts in 2001 to enter the "suction sleeve liner market" and Silipos' effort to manufacture a liner that addresses perceived problems with its product in the exiting marketplace.

Order, Doc. 204, at 5. OWW had argued to the Magistrate Judge that Silipos would not suffer any competitive harm if the document were disclosed because it is outdated. It also argued that it had a substantial need for the document because it contradicts Alps' claim that OWW's patent is void for obviousness. The Order concluded that this latter argument was not well-supported and that the document would probably not be very helpful to OWW in the re-examination proceedings. OWW's motion to reconsider does not take specific issue with that finding; however, its reply brief states, without much elaboration, that "[t]he Silipos document specifically discusses OWW's liner products, and would be directly responsive to the concerns raised by the examiner." Reply memorandum, Doc. 211, at 5.

In its separately-filed memorandum in opposition to the motion for reconsideration (Alps' memorandum addressed only the Chen documents), Silipos argues that there was enough

5

evidence in the record, in the form of the declaration of James McKelvey, to support a determination that competitive harm was likely if the information were publicly disclosed. It asserts that any protective order which prevents the disclosure of sensitive material is predictive to some extent and must necessarily rest on considered judgments about what might happen if disclosure occurred, and that a protective order was properly issued here because the judgment made in the Order was within the realm of discretion afforded to the Magistrate Judge.

Silipos' view of the law, including its argument that the Court can consider the possibility rather than the certainty that harm will result from disclosure of confidential material, is clearly correct. On the other hand, OWW is correct that in order to demonstrate even the possibility of future harm, the record must contain specific and articulable facts from which that conclusion can be drawn, rather than simple conclusory statements that because the information has been treated by its creator as confidential, harm will necessarily result from its disclosure. *See, e.g., Statewide Aquastore, Inc. v. Pelseal Technologies, LLC*, 2010 WL 610685 (N.D.N.Y. February 17, 2010), *citing Sherwin-Williams Co. v. Spitzer*, 2005 WL 2128938, *12 (N.D.N.Y. Aug. 24, 2005).

Here, it must first be noted that Silipos has not argued that it was not required to produce the document at all, but rather that it produced it with the understanding (subsequently incorporated into a formal protective order) that neither OWW nor Alps would use it for purposes other than this litigation nor make a public disclosure of it. Generally speaking, an order which allows the discovery of confidential information but places restrictions on its use and dissemination is the preferred way to deal with the production and use of proprietary business information in the litigation setting. *Statewide Aquastore, supra*. Additionally, because the

6

decision about how broadly or narrowly to allow parties to a case to use or disseminate proprietary business information provided to them by a non-party is the type of discovery ruling that involves a balancing of competing interests and the application of reason, experience, and common sense, *see Nestle Foods Corp. v. Aetna Cas. & Surety Co.*, 129 F.R.D. 483 (D.N.J. 1990), the Magistrate Judge's resolution of these competing interests is entitled to a wide degree of deference. *See Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

The Court concludes that interpreting Mr. McKelvey's declaration as showing that the public disclosure of the document in question has the potential to cause harm to Silipos' business interests is within the range of discretion afforded to the Magistrate Judge. Mr. McKelvey's declaration does not simply state, without any support or reasoning, that the information contained in the "Silipos document" is confidential and therefore likely to cause harm if disclosed. Rather, it identifies with as much precision as possible what the document contains and exactly how a competitor could use the information within it to Silipos' disadvantage, both in learning how Silipos makes the product it still sells and, more importantly, misusing some of the self-critical analysis in the document to disparage Silipos' product to potential customers. This is specific rather than generic harm, and the Magistrate Judge was entitled to credit the information, especially in light of the absence of any factual material to contradict it. Therefore, the decision to grant Silipos a protective order limiting the use of this document to this litigation was neither clearly erroneous nor contrary to law.

V.

For the reasons set forth above, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order of August 31, 2010 (Doc. 204) and **DENIES** OWW's motion for reconsideration

7

(Doc. 206).

**IT IS SO ORDERED.**

3-18-2011
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

8