IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW WOOD
COMPANY,

    Plaintiff,

v.

ALPS SOUTH LLC,

    Defendant.

and

ALPS SOUTH LLC,

    Plaintiff,

v.

OHIO WILLOW WOOD COMPANY, et al.

    Defendants.

Case Nos. 2:05-cv-1039 and 2:09-cv-1027

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Bruce Kania's Motion to Dismiss in Case No. 2:05-cv-1039 (Doc. 194), and Motion to Dismiss in Case No. 2:09-cv-1027 (Doc. 21). These motions have been fully briefed and are now ripe for disposition. For the reasons that follow, the motions are denied.

### I.  Background

In Case No. 2:09-cv-1027, Alps South LLC ("Alps") filed suit against The Ohio Willow Wood Company ("OWW") and Bruce Kania ("Kania"), alleging antitrust violations pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, deceptive trade practices, pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition, pursuant to state law. Alps alleges that OWW, acting both independently and in concert with Kania, has engaged in a scheme to unreasonably restrain trade and impede competition in the United States market

for fabric-covered polymetric gel liners used in connection with prosthetic devices, and that such scheme is in an effort to monopolize that market. At the core of the alleged scheme are the following patents for fabric-covered polymetric gel liners, which patent Alps alleges OWW procured, with Kania's help, by perpetrating fraud upon the United States Patent Office: U.S. Patent No. 6,964,688 ("the '688 patent'"); U.S. Patent No. 5,830,237 ("the '237 patent"); and U.S. Patent No. 7,291,182 ("the '182 patent'").

## II. Analysis

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

2

### B. Motion to Dismiss

Kania asserts three grounds for dismissal.[1] First, Kania contends that because he has not been a party to any of the allegedly harassing lawsuits to enforce the patents at issue, Alps has no viable claim against him under § 1 of the Sherman Act. Second, Kania argues that Alps's claim under § 1 of the Sherman Act must be dismissed because Alps only alleges harm caused by patent procurement, which, standing alone, does not give rise to an antitrust claim. In its August 16, 2010, Opinion and Order Adopting and Affirming the Magistrate Judge's Order, which granted Alps leave to amend its counterclaims,[2] the Court concluded that, even if the fraudulent prosecution of a patent, by itself does not violate the Sherman Act, a scheme involving multiple parties using fraudulent means to obtain and enforce a patent could constitute such a violation. Specifically, the Court stated:

> Even if the fraudulent prosecution of a patent, by itself, does not violate the Sherman Act, this Court finds no reason to conclude that a multi-party scheme to fraudulently *obtain and enforce* a patent cannot constitute a "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce" in violation of Section 1 of the Sherman Act. The Supreme Court has held that "[i]t is not the form of the combination or the particular means used but the result to be achieved that the [Sherman Act] condemns . . . . [I]f [the acts] are part of the sum of the acts which are relied upon to effectuate the conspiracy which the statute forbids, they come within its prohibition." *Am. Tobacco Co. v. United States*, 328 U.S. 781, 809 (1946). *See also United States v. Singer Mfg. Co.*, 374 U.S. 174, 200 (1963) (White, J., concurring) ("[C]learly collusion among applicants to prevent prior art from coming to or being drawn to the Office's attention is an inequitable imposition on the Office and on the public. In my view, such collusion to secure a monopoly grant runs afoul of the Sherman Act's prohibitions against conspiracies in restraint of trade.") (internal citations omitted); *Cataphote Corp. v. De Soto Chemical Coatings, Inc.*, 450 F.2d 769, 772 (9th Cir. 1971) (noting that the Supreme Court's decision in *Walker Process* "would undoubtedly allow recovery under § 1 of the Sherman Act, if the requisite elements were proven.") (citing *Beckman Instruments, Inc. v. Chemtronics, Inc.*, 428 F.2d 555, 567 n. 28 (5th Cir. 1970)).

---

[1] The first two grounds are set forth in both motions. The third ground is set forth only in the motion filed in 2:09-cv-1027.

[2] The standard for granting leave to amend a complaint in the face of a challenge that such amendment would be futile is the same as the standard that applies to a motion to dismiss under Rule 12(b)(6). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile," and should not be allowed, "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.")

3

Opinion and Order, August 16, 2010, at 6-7, Case No. 2:05-cv-1039, Doc. 203. In rejecting OWW's argument that amending the complaint would be futile, the Court noted that OWW had cited no controlling authority in support of the proposition that a plaintiff cannot combine acts of patent prosecution and enforcement to show a violation of § 1 of the Sherman Act, and the Court had found no such authority. The same applies to Kania. For the reasons set forth in the Court's August 16, 2010 Opinion and Order in Case No. 2:05-cv-1039, and in light of the consolidation of Case No. 2:05-cv-1039 with Case No. 2:09-cv-1027, the Court concludes that Kania's first and second arguments provide no grounds for dismissal.

As his third ground for dismissal of Alps's claims, Kania contends that the claims are compulsory counterclaims that should have been brought in OWW's patent infringement case against Alps in Case No. 2:05-cv-1039. This ground for dismissal is now moot in light of the amended counterclaims the Court gave Alps leave to assert in 2:05-cv-1039 and in light of the consolidation of 2:05-cv-1039 and 2:09-cv-1027.

## III. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant Bruce Kania's Motion to Dismiss in Case No. 2:05-cv-1039 (Doc. 194), and Motion to Dismiss in Case No. 2:09-cv-1027 (Doc. 21).

**IT IS SO ORDERED.**

3-29-2011
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

4