IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE OHIO WILLOW WOOD COMPANY,**
      **Plaintiff,**

v.

**ALPS SOUTH, LLC,**
      **Defendant.**        **CASE NO. C2-05-1039 and C2-09-1027**
                                  **JUDGE EDMUND A. SARGUS, JR.**
                                  **MAGISTRATE JUDGE TERENCE P. KEMP**

**ALPS SOUTH, LLC,**
      **Plaintiff,**

v.

**THE OHIO WILLOW WOOD COMPANY,**
      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion for Sanctions (Doc. 176) filed by the Defendant Alps South, LLC in Case No. 05-cv-1039, which has now been consolidated with Case No. 09-cv-1027.

Both consolidated cases involve a contentious dispute over U.S. Patent No. 6,964,688 B1 ("'688 patent") which involves a gel-liner device for use on the residuum of an amputee. Both Ohio Willow Wood Company and Alps South, LLC sell products which are highly beneficial to amputees. The Court notes, particularly in light of the comments to follow, that it is unfortunate that two companies which develop, produce and market such important products have devoted so much energy to what has become costly, seemingly endless litigation.

This case has been substantially delayed by a series of requests for reexamination of the '688 patent and related patents made to the Patent and Trademark Office ("PTO") by Alps

South, LLC. Initially, this Court stayed the 05-cv-1039 action, pending the reexamination process. After a lengthy delay, the Court reopened the case and conducted a hearing on the Motion for Preliminary Injunction filed by Ohio Willow Wood Company. Shortly after a week-long hearing, the PTO issued a partial reexamination which rejected a large number of claims included in the '688 patent. This Court declined to grant a preliminary injunction. According to the record in this case, the reexamination process continues.

Thereafter, Alps South, LLC filed a new lawsuit, 09-cv-1027, essentially contending that Ohio Willow Wood Company has used the patent process and subsequent litigation in a manner constituting an unlawful restraining of trade under, *inter alia*, the Sherman Antitrust Act, 15 U.S.C. § 1 et. seq. The claims are, to a great extent, a mirror image of those brought by Ohio Willow Wood Company in 05-cv-1039.

The Court notes that the charges leveled in the Motion for Sanctions in Case 05-cv-1039 involve the same allegations made in 09-cv-1027. Consequently, for the Court to adequately resolve the Motion for Sanctions, it would necessarily decide the merits of the case, which at this juncture would be inappropriate, given the procedural position of this case.

The Motion for Sanctions is **DENIED** without prejudice. The parties and principals are **ORDERED** to attend a status conference before Judge Edmund A. Sargus, Jr. and Magistrate Judge Terence P. Kemp at 10:00 a.m. on April 19, 2011.

**IT IS SO ORDERED.**

3-31-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

2