IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW WOOD
COMPANY,

      **Plaintiff,**

  v.

ALPS SOUTH LLC,

      **Defendant.**

and

ALPS SOUTH LLC,

      **Plaintiff,**

  v.

OHIO WILLOW WOOD COMPANY, et al.

      **Defendants.**

Case Nos. 2:05-cv-1039 and 2:09-cv-1027

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

This consolidated action now comes before the Court for consideration of Alps South Corporation's ("Alps") Motion to Stay (Case No. 2:09-cv-1027, Doc. 38). For the reasons that follow, the motion is granted.

### I.

OWW and Alps are in the business of manufacturing and selling liners used in prosthetic devices. In 2005, OWW obtained the '688 Patent for a "Tube Sock-Shaped Covering" prosthetic device liner. Later that year, OWW filed suit against Alps.[1] In its action against Alps, Ohio Willow Wood Company ("OWW") alleges infringement by Alps of OWW's exclusive rights

---

[1] Case No. 2:05-cv-1039.

under U.S. Patent No. 6,964,688 ("the '688 Patent"). Among other defenses, Alps raises the defense of patent invalidity. Alps also asserts counterclaims seeking declarations that the patents at issue are invalid because they were procured by fraud.

In 2006, Alps filed a reexamination request with the United States Patent Office, which request was granted. The Court thereafter stayed Case No. 2:05-cv-1039 pending the outcome of the Patent Office's reexamination of the '688 Patent. Alps requested further reexaminations of the '688 Patent in March 2007 and January 2008. The Patent Office granted and consolidated the three requests. During the consolidated reexamination proceedings, OWW amended its '688 Patent claims. On January 13, 2009, the Patent Office determined the '688 Patent claims to be valid as amended and issued a reexamination certificate for the amended claims. Alps then sought and obtained reexamination of the amended '688 Patent claims. While that request was pending, the Court granted OWW's motion to lift the stay in Case No. 2:05-cv-1039 based upon the Patent Office's issuance of the reexamination certificate on January 13, 2009. Shortly thereafter, on June 19, 2009, the Patent Office issued a non-final office action rejecting the claims involved in this action that had issued in the reexamination certificate. OWW filed a response to the Patent Office office action. On November 12, 2009, the Patent Office issued a second non-final office action which again rejected the amended '688 Patent claims relevant to the proceedings before the Court. On November 13, 2009, Alps initiated suit in this Court against OWW and Bruce Kania,[2] asserting antitrust claims, a Lanham Act violation claim, and an unfair competition claim under state law. These claims are premised upon the assertion that

---

[2] Case No. 2:09-cv-1027.

OWW, through patent infringement litigation, is seeking to unlawfully restrain trade and injure Alps. Two months later, OWW filed its response to the Patent Office's second non-final office action. In that response, OWW sought to replace the rejected claims with amended independent claims, to amend certain dependent claims, and to add a new claim. On April 26, 2010, the Patent Office issued a final office action rejecting all of OWW's amended claims relevant to this litigation.[3] In response, OWW sought reconsideration by the Patent Office of the final rejections. The Patent Office declined to reconsider its final rejections in a notice sent to OWW on September 3, 2010. OWW then filed an appeal to the Board of Patent Appeals and Interferences ("the Patent Board"). That appeal remains pending.[4]

On May 4, 2011, Alps filed a Motion to Stay pending the Patent Board's decision on OWW's appeal of the patent examiner's reexamination and any subsequent appeal to the united States Court of Appeals for the Federal Circuit. OOW opposes the stay.

## II.

As a threshold matter, the Court notes that if Patent Board upholds rejection of OWW's amended patent claims, OWW will no longer have viable causes of action in this litigation against Alps, and this Court will lack subject matter jurisdiction of the claims OWW has asserted against Alps. *See Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (federal courts lack authority to render a decision upon questions that have ceased to

---

[3] Certain amended claims not relevant to this litigation were approved.
[4] Alps has notified the Court that the issues before the Patent Board have been fully briefed and that the Patent Board has formally docketed the appeal. Alps estimates that the Patent Board will set a hearing on the matters before it sometime in August or September of this year and that a decision will possibly be issued by the end of this year. OWW disputes Alps' estimate and argues, instead, that the Patent Board is unlikely to issue a decision until July 2012.

3

present a "live" controversy) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Subject matter jurisdiction is never to be assumed. *Patterson v. Haskins*, 470 F.3d 645 (6th Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-101 (1998)). However, even if this Court could determine in advance that it would have subject matter jurisdiction, the equities and practicalities weigh in favor of a stay.

In determining whether to grant a stay of an infringement action pending the outcome of a reexamination of a patent, a court should consider the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> (2) whether a stay will simplify the issues in question and trial of the case; and
> (3) whether discovery is complete and whether a trial date has been set.

*Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406-07 (W.D.N.Y. 1999) (citations omitted). After considering these factors within the contextual contours of this action, the Court finds a stay of OWW's infringement claims against Alps is warranted. Given the interrelated nature of Alps' antitrust and other related claims against OWW and Bruce Kania, a stay as to those claims is also warranted.

### A. Simplification of the Issues

The simplification factor weighs in favor staying the litigation. When a defendant asserts patent invalidity as an issue, as Alps has done here, courts have recognized that a stay may be warranted based upon the numerous advantages afforded by awaiting the outcome of the patent reexamination proceedings. See, e.g., *Emhart Indus. v. Sankyo Seiki Mfg.*, 3 U.S.P.Q.2D (BNA) 1889, 1890 (N.D. Ill. 1987); *Fisher Controls Co. v. Control Components, Inc.*, 443 F. Supp. 581,

582 (S.D. Iowa 1977); *Perricone v. Unimed Nutritional Servs., Inc.*, Civil Action No. 3:01CV512(CFD), 2002 U.S. Dist. LEXIS 17613, at *3 (D.Conn. July 18, 2002). Such advantages include, for example, the following:

> (1) All prior art presented to the [c]ourt will have been first considered by the PTO, with its particular expertise.
>
> (2) Many discovery problems relating to the prior art can be alleviated by the PTO examination.
>
> (3) In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> (4) The outcome of the re-examination may encourage a settlement without further use of the [c]ourt.
>
> (5) The record of re-examination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> (6) Issues, defenses and evidence will be more easily limited in pre-trial conferences after a re-examination.
>
> (7) The cost will likely be reduced both for the parties and the [c]ourt.

*Emhart*, 3 U.S.P.Q.2D (BNA) at 1890 (citing *Fisher Controls,* 443 F. Supp. at 582).

Here, a stay would conserve the time and resources of the Court and the parties because the patent claims OWW has asserted against Alps in this litigation have been amended during the patent reexamination proceedings and the Patent Office's most recent action in those proceedings casts doubt on the continued validity of the patent claims before this Court. Specifically, after the Patent Office issued its non-final office actions rejecting the patent claims that OWW has asserted were infringed by Alps, OWW substituted amended claims and added a new claim. The amended claims and the new claim added new limitations requiring a "locking adapter" for attaching the tube-sock lining to a prosthetic device. The Patent Office then rejected the

5

substituted amended claims in a final office action. That decision is the subject of OWW's appeal to the Patent Board.

OWW argues that, notwithstanding the amendments to its patent claims and the Patent Office's final rejection of OWW's patent claims as relevant to this litigation, the '688 patent is valid unless and until a reexamination certificate is issued cancelling all of the patent claims relevant to this litigation. OWW further argues that, because such cancellation certificate can be issued only after the appeal proceeding has terminated or the time for appeal has run, this Court should proceed on the currently valid '688 patent certificate so that OWW can have final resolution on its patent claims against Alps. The Court is not persuaded by OWW's arguments for several reasons. First, the appeal before the Patent Board has the potential to eliminate OWW's claims against Alps entirely. Indeed, at an April 19, 2011 status conference before this Court, OWW forthrightly acknowledged to the Court that if OWW is unsuccessful in its appeal before the Patent Board, the claims OWW has asserted against Alps in this action "would have all been declared invalid and unenforceable." Trans., Status Conference, April 19, 2011, Doc. 37 at 11. Seen in this light, resolution in this Court on claims for infringement of the '688 patent would be anything but final if the patent is ultimately declared invalid in the patent proceedings.

Similarly, if, on OWW's reexamination appeal, the '688 patent survives, this Court will benefit from the Patent Office's review—and the expertise afforded by that office—in defining the issues, defenses, and evidence in this litigation. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [Patent Office] (when a claim survives the reexamination).").

6

In addition, having a record before this Court of the reexamination appeal in the patent proceedings could reduce the complexity, length, and costs of the litigation, and could minimize discovery problems, by elucidating the scope of the patent claims in light of OWW's amendments. These considerations are particularly relevant given Alps' antitrust and other related claims against OWW. Based upon the particular circumstances and procedural posture of this action, the Court concludes that the issues will be vastly simplified and finality more readily obtainable by waiting for the reexamination appeals proceedings to run their course.[5]

### B. Undue Prejudice

The prejudice factor weighs in favor of a stay. Plaintiff principally argues that it will be prejudiced if this case is stayed throughout the reexamination appeals process because of the lengthy delay in vindicating its rights as patent holder. The reexamination process and the appeals taken therefrom are indisputably lengthy. OWW has not demonstrated, however, that the delay will unduly prejudice it. OWW has offered little to demonstrated prejudice beyond noting the inevitable delay. Delay, however, must outweigh the attendant advantages of full patent review to establish undue prejudice. *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, No. 08-CV-0299, 2009 U.S. Dist. LEXIS 89453, at **3-4.

Moreover, OWW's argument that it will be unduly prejudiced by the delay is not well taken given that OWW itself has significantly contributed to the delay by amending its claims during the reexamination process and by appealing the adverse ruling by the Patent Office. The

---

[5] Alps also argues that this litigation should be stayed pending appeal of the final judgment of the United States District Court for the Eastern District of Texas concerning the patent claims on a separate patent owned by OWW. Having determined that a stay is warranted pending the outcome of what are expected to be lengthy appeals proceedings relating to the '688 patent, this Court need not and does not address the question of whether the stay should be tied to the proceedings before the Eastern District of Texas.

7

Court, of course, recognizes that OWW acted well within its rights in so doing, but OWW cannot now be heard to complain of the additional delay resulting from the amendments and appeal.

In addition, the prejudice Plaintiff suffers as a result of Defendant's alleged infringement while the case is stayed can be cured by a damages award that compensates Plaintiff for this additional infringement should Plaintiff ultimately prevail. Further, OWW's claims of prejudice are reduced because it possesses the right to exclude others only if its patent is valid, and the PTO's most recent action calls that into question. Finally, the Court finds no support for OWW's argument that Alps is seeking a stay for dilatory reasons or to gain an unfair tactical advantage. For these reasons, the Court finds that the advantages of a stay outweigh any detriment to OWW caused by the delay in the patent claims proceedings.

### C. Stage of Litigation

Judicial efficiency weighs in favor of a stay. Although the parties have engaged in some discovery relating to OWW's patent infringement claims, this litigation—despite its age—nevertheless remains in the early stages of proceedings. "Where a case is in the early stages of litigation . . . , a court may avoid duplicative efforts by granting a motion to stay." *Perricone v. Unimed Nutritional Servs., Inc.*, Civil Action No. 3:01CV512(CFD), 2002 U.S. Dist. LEXIS 17613, at *8 (D.Conn. July 18, 2002).[6] OWW has only recently submitted its infringement and validity contentions, and Alps its response. A *Markman* hearing has not been set in this action, nor a trial date scheduled. In addition, no discovery has taken place on Alps' antitrust and

---

[6] The Court observes that a stay may be warranted pending the outcome of reexamination proceedings even when a case has proceeded to a more advanced stage of litigation. *See, e.g., Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (stay granted on eve of scheduled trial in case pending for five years); *Grayling Indus., Inc. v. GPAC, Inc.*, 19 U.S.P.Q.2D (BNA) 1872, 1873 (N.D. Ga. 1991) (stay granted after completion of discovery and trial alone remained to conclude proceedings).

related claims. In other words, this case has not substantially progressed toward trial. The Court is concerned that all parties could expend significant amounts of monies on fees and expenses, which could all be for naught. Accordingly, a stay presents no risk that the parties' efforts, and the Court's resources, will have been wasted should the Patent Office conclude that OWW's patent is invalid.

### III.

For the foregoing reasons, the Court hereby **GRANTS** Alps South LLC's Motion to Stay (Doc. 38) this litigation pending the outcome of the patent claims proceedings currently on appeal before Board of Patent Appeals and Interferences and any further appeal to the United States Court of Appeals for the Federal Circuit. This consolidated action is hereby **STAYED** and the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** consolidated cases 2:05-cv-1039 and 2:09-cv-1027

**IT IS SO ORDERED.**

6-9-2011

**DATED**

**EDMUND A. SARGUS, JR.**

**UNITED STATES DISTRICT JUDGE**