IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW WOOD
COMPANY,

        Plaintiff,

v.

ALPS SOUTH, LLC,

        Defendant,

and

ALPS SOUTH, LLC,

        Plaintiff,

v.

THE OHIO WILLOW WOOD
COMPANY. et al.,

        Defendants.

Case Nos. 2:05-CV-1039 and 2:09-CV-1027
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

## ORDER

This matter is before the Court for consideration of Plaintiff The Ohio Willow Wood Company's Motion for Relief from Stay (Doc. 229 in Case No. 2:05-CV-1039; Doc. 53 in Case No. 2:09-CV-1027). This consolidated action was stayed and administratively closed on June 9, 2011, pending the outcome of the patent claims that were on appeal before the Board of Patent Appeals and Interferences at that time.

The appeals process is now virtually complete. The Board of Patent Appeals and Interferences upheld the validity of Plaintiff's patent, U.S. Patent No. 6,964,688 ("the '688

Patent"), in a decision rendered on September 26, 2011. The Court concludes that justice requires the lifting of the stay with regard to the patent infringement claims.

Regarding Defendant Alps South, LLC's antitrust, Lanham Act, and unfair competition claims, the Court concludes that bifurcation is necessary. If this case proceeds to trial, the antitrust and related claims would only be presented if the jury found that the '688 Patent is unenforceable. The Court is concerned that all parties could expend significant amounts of resources on a contingent claim, possibly all for naught. Judicial efficiency thus weighs in favor of staying these claims. To the extent that discovery on the patent infringement claims and the antitrust, Lanham Act, and unfair competition claims overlap, however, the parties may engage discovery on the latter notwithstanding the stay.

For the foregoing reasons, the Court **GRANTS** Plaintiff The Ohio Willow Wood Company's Motion for Relief from Stay (Doc. 229 in Case No. 2:05-CV-1039; Doc. 53 in Case No. 2:09-CV-1027). The stay on this consolidated action is **LIFTED** as to the patent infringement claims only. The antitrust, Lanham Act, and unfair competition claims remain **STAYED**. The Clerk is **DIRECTED** to **ADMINISTRATIVELY OPEN** consolidated cases 2:05-CV-1039 and 2:09-CV-1027.

**IT IS SO ORDERED.**

12-9-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE