IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE OHIO WILLOW WOOD COMPANY,** | : : | Case Nos. 2:05-CV-01039; 2:09-CV-01027 |
| **Plaintiff,** | : : | JUDGE ALGENON L. MARBLEY |
| v. | : : | Magistrate Judge Kemp |
| **ALPS SOUTH, LLC,** | : : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Alps South LLC's ("Alps") Motion to Stay Proceedings (Doc. 285). Alps seeks a stay pending the resolution of Case No. 04-CV-1223, which was recently remanded to this Court for trial by the Court of Appeals for the Federal Circuit. *See The Ohio Willow Wood Company v. Alps South, LLC*, 735 F.3d 1333, (Fed. Cir. 2013). Plaintiff Ohio Willow Wood Company ("OWW") opposes, on the grounds that the patents at issue in these cases are unrelated, and that it will suffer irreparable harm if the stay is granted. (Doc. 287). For the reasons set forth herein, Alps' Motion is hereby **GRANTED**.

### I. BACKGROUND

OWW has filed several cases in this Court to enforce four different patents against alleged infringement by Alps. The first, Case No. 04-CV-1223, filed December 27, 2004, alleged infringement of U.S. Patent No. 5,830,237 ("the '237 patent). This case, filed November 16, 2005, seeks to enforce OWW's patent rights under U.S. Patent No. 6,964,688 ("the '688 patent") (Doc. 1). In both cases, Alps argued that OWW engaged in inequitable conduct before the Patent and Trade Office (PTO) and the Board of Patent Appeals and Interferences (BPAI) during reexaminations of the '237 patent and the '688 patent.

Alps filed two separate motions of summary judgment in the '237 patent case. One motion asserted that OWW's claims regarding the '237 patent were invalid under the doctrine of collateral estoppel, based on a prior Eastern District of Texas ruling otherwise unrelated to this case. (No. 04-CV-1223, Doc. 145). The other motion asserted that the claims of the '237 patent are obvious. (*Id.*, Doc. 162). OWW filed its own motion for summary judgment, seeking to dismiss Alps' affirmative defense and asserting its counterclaim for inequitable misconduct. (*Id.*, Doc. 164). On June 15, 2012, the Court granted Alps' motion for summary judgment on the basis of collateral estoppel as to certain claims of the '237 patent. (*Id.*, Doc. 182). The Court later granted Alps' second motion for summary judgment regarding other claims, but granted OWW's motion for summary judgment of no inequitable conduct. (*Id.*, Doc. 209). On August 28, 2012, both parties appealed to the Federal Circuit. (*Id.*, Doc. 217)

On November 15, 2013 the Federal Circuit affirmed the Court's grant of summary judgment on the issues of collateral estoppel and obviousness in favor of Alps, but reversed the summary judgment determining there had been no inequitable conduct by OWW. (*Id.*, Doc. 226). The court remanded that issue only for trial. (*Id.*).

## II.     STANDARD OF REVIEW

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Laboratories, Inc.,* 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). A court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct. .,* 565 F.2d 393, 396 (6th Cir. 1977)). In deciding whether to grant a stay, Courts commonly consider factors such as: (1) the need for a stay, *id.*; (2) the stage of litigation; (3)

whether the non-moving party will be "unduly prejudice[d] or tactically disadvantage[d]"; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Engineering, Inc. v. JG Innovations, Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. Moreover, a trial judge should be hesitant when a stay would disrupt a statutory or administrative timetable. *Id*.

The first-to-file rule provides that, when actions involving nearly identical parties and issues have been filed in two different district courts, "'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley,* 738 F.2d 981, 988 (9th Cir. 1984)). The rule encourages comity among federal courts of equal rank. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The rule also enacts the federal courts' "general principle" of "avoid[ing] duplicative litigation." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (quotation omitted); s*ee also Pritchard v. Dent Wizard Int'l Corp.*, 275 F. Supp. 2d 903, 910 (S.D. Ohio 2003).

### III.    ANALYSIS

Alps urges this Court to use its discretion to stay this case pending resolution of the '237 patent case. Alps argues that doing so would simplify the litigation, because a finding of inequitable conduct in the '237 case will leave the '688 patent unenforceable, since the two patents are "closely related." (Doc. 285-1 at 15). In particular, Alps points out that the BPAI consolidated the reexamination appeals of the '237 and '688 patents for oral argument and that Alps' inequitable conduct claim arises from that joint proceeding. (*Id.* at 4; Doc. 288 at 2*)*.

3

Alps maintains that a stay will not prejudice OWW or give Alps a tactical advantage in the proceedings, because the litigation before the Court is already stayed in all respects except for the patent infringement claims. (Doc. 285-1 at 12). Alps also believes that a stay will not result in irreparable harm to OWW, because money damages are a sufficient remedy in this case. (Doc. 288 at 12). Alps claims, however, that a denial of its motion would result in prejudice to itself, because it could be forced to pay damages in the '688 case that could not be recovered at a later date in the event that a conclusion inconsistent with the '237 case is eventually resolved in its favor. (Doc. 285-1 at 13). Alps points out that the '237 case retains but one issue to try in the near future. (*Id*. at 14).

In opposition, OWW disputes Alps' characterization of the '688 patent as related to the '237 patent. (Doc. 287 at 1, 2-6). OWW argues that because the '688 patent enjoys a presumption of validity under 35 U.S.C. § 282, and because the '688 patent is not related to the '237 patent, the weight of precedent suggests that this Court should not extend a finding of inequitable conduct in the prosecution of the '237 patent to the prosecution of the '688 patent without a separate finding of inequitable conduct. (*Id.* at 14). OWW further asserts that it will suffer irreparable harm if Alps' motion is granted. (*Id*. at 19). OWW reasons that because Alps is a direct competitor, Alps' continued sale of patented items unfairly competes for market share that rightfully belongs to the patent holder. (*Id.* at 19). OWW concludes that denying the motion will allow Alps to litigate fully its case in this court, thus removing any risk of prejudice to the defendant. (*Id*. at 20). OWW also objects to the application of the first-to-file rule, arguing that it only applies when cases are filed in two different districts, rather than, as hear, in two separate cases in the same district. (Doc. 287 at 19).

OWW misapprehends the purpose and logic of the first-to-file rule. As the Sixth Circuit has said, "[t]he waste of judicial resources due to duplicative proceedings is plain and is not correctable on appeal." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996). Although the first-to-file rule is ordinarily invoked when litigation is brought in two different districts, the logic of the rule remains when litigation is brought in two different courts within the same district. At least one Court of Appeals has directly approved this application of the rule. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992).

Moreover, completion of the '237 patent case will allow Alps to make a full defense in this case, whereas going forward with this case might result in inconsistent outcomes resulting in material prejudice. While OWW has claimed that a stay would result in irreparable harm to its interests, it has offered no evidence to demonstrate why money damages would not be an adequate remedy for any ongoing harm. The '688 patent case has been properly stayed for over eight years, and the resolution of the '237 case will likely expedite matters by reducing the litigation burden on the parties, thereby shortening the proceedings. OWW has not alleged any harm to the public, which in fact likely benefits from the continuing economic competition with Alps. As there are no statutory or other legal timetables disrupted by a stay of the proceedings, the necessity factor weighs in Alps' favor.

The '237 patent case is in a decidedly advanced stage of litigation. Only one issue remains to be settled, and the Federal Circuit has given clear guidance on the manner in which to do so. *See The Ohio Willow Wood Company*, 735 F.3d at 1351-1352. The '688 patent case, on the other hand, remains to be litigated in full. Because the '237 case is so near its terminus, this factor weighs in favor of Alps, as well.

When considering whether granting the motion to stay would prejudice OWW tactically, the Court must also consider how much the stay would simplify the issues for each party.  In the present case there is a strong likelihood that factual and legal questions germane to the '688 patent will be litigated in the '237 patent case.  While reserving judgment on the legal relationship between the two patents themselves, it is clear that the patent prosecution litigation resulting in the consolidated appeal before the BPAI has in some respects tied both patents to the question of OWW's conduct in the appeal.

Accordingly, it is possible that the outcome of the '237 case could preclude OWW's recovery in the '688 case.  At the very least, the '237 case will establish important questions of fact that should not be argued separately in two different courts.  The logic of granting a stay in such a situation is similar to that embodied in Fed. R. Civ. P. 20(a) regarding permissive joinder.  The purpose of the joinder rule is "to promote trial convenience and expedite the final determination of disputes" when multiple claims to relief arise "out of the same transaction or occurrence and present[] a common question of law or fact."  7 Charles Alan Write & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1652 (3d ed. 2008).  A stay would similarly produce a consistent fact-finding, which would promote trial efficiency, as well as a consistent outcome between two cases with at least partially overlapping patterns of material fact.  Such consistency will simplify the issues for both parties and allow them to focus on any remaining questions of law or fact.

OWW has not demonstrated how it would be prejudiced tactically by a stay of the proceedings, arguing mainly that a stay would unfairly delay any eventual recovery.  (Doc. 287 at 19-20).  At the same time, a stay could significantly simplify some of the issues to be tried in

this Court by establishing salient facts common to both cases. In light of this probability, both the prejudice and simplification factors weigh in favor of granting the stay.

Granting the stay, therefore, will likely simplify the issues for trial in the '688 case. Any simplification of the issues will substantially decrease the litigation burden in an area of the law as complicated as patent prosecution. The outcome of the '237 case, as discussed above, could preclude recovery by OWW altogether. Granting a stay would avoid the possibility of dissipating both the Court's and the parties' resources in litigating a claim that the '237 case could eventually render moot. This factor weighs heavily in favor of the movant.

## IV.    CONCLUSION

Because all the relevant factors support Alps' request for a stay pending the outcome of the '237 patent case, the Court will exercise its discretion to stay the proceedings consistent with the first-to-file rule. Alps' Motion (Doc. 285) is **GRANTED**. The case is hereby **STAYED** pending resolution of Case No. 04-CV-1223.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley  
                                                **ALGENON L. MARBLEY**  
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: February 18, 2014**